UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0282-JCC |
| Plaintiff, | ORDER |
| v. | |
| NAFEZ EL MIR, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to seal (Dkt. No. 50) an exhibit to his sentencing memorandum (Dkt. No. 49-2). The Court previously entered a protective order limiting the disclosure of material containing "any identifying information about the confidential informant or the undercover officers . . . in the case." (Dkt. No. 22.)

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, a particularized showing of good cause will suffice to warrant sealing discovery documents attached to non-dispositive motions. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Defendant requests that the exhibit at issue be maintained under seal "due to the sensitive nature of information included." (Dkt. No. 50 at 1.) The exhibit consists of a translation of a voice recording and a brief email, both of which concern underlying facts of the case that were

discussed in Defendant's unsealed sentencing memorandum and at Defendant's sentencing hearing. As Defendant has not made a particularized showing of good cause warranting maintaining the exhibits under seal in their entirety, Defendant's motion to seal (Dkt. No. 50) is DENIED. Within 48 hours of the issuance of this order, Defendant shall withdraw the exhibit that is currently filed under seal. (Dkt. No. 49-2.) In its place, Defendant shall publicly file a version of the exhibit with material subject to the Court's protective order redacted.

DATED this 13th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE